UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDDIE JOSEPH BROWN                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 1:15CV115-LG-RHW

RAYMOND BYRD                                                         RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Eddie Joseph Brown filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, which he later amended.  Doc. [1] & [7].  Brown is currently serving a 32-year prison term in the custody of the Mississippi Department of Corrections, following a jury trial and conviction in the Circuit Court of Harrison County, Mississippi.  Doc. [11-1] at 87-90.  The jury convicted Brown of possession of a controlled substance, and the trial court sentenced Brown as an habitual offender and subsequent drug offender.  Doc. [11-1] at 87.  Brown filed a direct appeal.  The Mississippi Court of Appeals affirmed the conviction and sentence.  *Brown v. State of Mississippi*, 143 So.3d 624 (Miss.Ct.App. 2014).  Brown next sought leave to file a motion for post-conviction collateral review in state court.  The Mississippi Supreme Court denied Brown's application.  Doc. [10-2].  Brown then filed the instant § 2254 petition in federal court.

In his petition and amended petition, Brown raises the following claims: (1) the trial court erred in allowing an amendment to Brown's indictment; (2) the trial court erred in sentencing Brown as an habitual offender and subsequent drug offender; (3) the trial court misapplied relevant federal and state law with respect to constructive possession; (4) Brown's attorney rendered ineffective assistance of counsel because he (a) failed to interview certain witnesses; (b) conspired with the State to modify the indictment without Brown's consent; (c) failed to move to suppress evidence seized from Brown's car; and (d) failed to seek a lesser included offense

instruction.  Respondent filed an answer addressing the merits of most of Brown's claims; however, Respondent argued that Brown's ineffective assistance of counsel claims 4(a), (c) and (d) have not been exhausted at the state level.

With respect to those claims that were presented to the Mississippi Supreme Court either on direct appeal or in a motion for post-conviction relief, the undersigned must consider them in light of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).

28 U.S.C. § 2254 (d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal habeas courts review claims addressing questions of law or mixed questions of law and fact that were adjudicated on the merits in state court only when subsection (d)(1) applies. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000).  Thus, a state court decision on the merits of a mixed question of law and fact will be reviewed only upon a showing that the decision was contrary to federal law or involved unreasonable application of federal law.  A state court decision is contrary to federal law when it is opposite to a United States Supreme Court decision and when it is at variance with a Supreme Court decision upon "materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision involves

unreasonable application of federal law when the state court properly identifies the applicable federal principle but applies it in an objectively unreasonable manner. *Id*. at 409. Federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

**<u>Unexhausted Claims</u>**

Respondent argues that three of Brown's ineffective assistance of counsel claims were not presented to the state's highest court; therefore, they are unexhausted. Doc. [10] at 7-9. These include Brown's claims that counsel failed to interview certain witnesses, failed to move to suppress evidence, and failed to seek a lesser included offense instruction. *Id.* In his reply, Brown did not address these claims nor did he dispute Respondent's characterization that the claims are unexhausted. Doc. [13] & [14]. In fact Brown later filed a motion to amend his § 2254 petition to delete all unexhausted claims, in which he listed the three unexhausted ineffective assistance claims. Doc. [20]. It appears that Brown concedes that the unexhausted claims are procedurally barred and therefore should be dismissed. Accordingly, the undersigned recommends that the unexhausted claims be dismissed based on procedural default. *See* 2254(b)(1)(A); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)

**<u>Amendment to the Indictment</u>**

Brown argues that the trial court erred when it allowed amendment to his indictment prior to trial. He asserts that the trial court erred when it deleted the element "with intent to transfer or distribute" and replaced it with a charge of possession of between two and ten grams of cocaine.

Brown argues that this resulted in a substantive change to the indictment that should have been presented to the grand jury.

Prior to trial the State moved to amend Brown's indictment to reflect his status as an habitual offender pursuant to Miss. Code Ann. § 99-19-81, and to reflect that he was a subsequent drug offender pursuant to Miss. Code Ann. § 41-29-147.  Doc. [11-2] at 6-10.  The State also moved to amend the charge to remove the intent to distribute portion and amend the charge to simple possession of between two and ten grams of cocaine.  *Id.*  Neither party objected to reducing the charge to simple possession.  Nor did counsel object to the amount of cocaine alleged in the amendment.  With respect to the prior offenses, Brown's attorney addressed the Court and stated that he had "reviewed the pen pack in this case, as I've said, it appears as though he does have the prior convictions and served at least a year on each one".  *Id.* at 8.  The trial court granted the motion to amend to reflect Brown's status as an habitual offender.  *Id.*  Brown's attorney further stated that it appeared that Brown pleaded guilty to simple possession on a prior charge; however, he objected to the amendment reflecting his status as a prior drug offender.  *Id.* at 9-10.  Nevertheless, the trial court granted the amendment to reflect Brown's status as a subsequent drug offender.  *Id.* at 10.

Brown's claim with respect to his indictment implicate questions of the application of state criminal law.  Errors of state law are not the subject of federal habeas review, unless they rise to the level of a denial of rights protected by the United States Constitution.  *See Wainwright v. Goode*, 464 U.S. 78 (1993).  The proper interpretation or application of a state criminal statute is not cognizable under § 2254.  *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Beasley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001).  The sufficiency of a state indictment is

not a matter for federal habeas corpus relief unless it can be shown that the indictment was so

defective that the convicting court had no jurisdiction. *See Riley v. Cockrell*, 339 F.3d 308, 313-

14 (5th Cir. 2003). "State law dictates whether a state indictment is sufficient to confer a court

with jurisdiction." *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994).

       Brown has not identified any error that would deprive the trial court of jurisdiction. Rule

7.09 of the Uniform Circuit and County Court Rules permits an indictment to be amended as to

form but not substance. Rule 7.09 specifically permits amending an indictment to charge the

defendant as an habitual offender or to enhance punishment for subsequent offenses where the

amendment is to assert prior offenses justifying the enhancement. Moreover, Mississippi courts

have recognized that amending an indictment to charge a lesser included offense of possession,

such as occurred in this case, does not constitute a substantive change. *Torrey v. State of

Mississippi*, 816 So.2d 452, 454 (Miss. Ct. App. 2002). Also without merit is Brown's

contention that the trial court erred in amending the indictment to reflect the amount of cocaine.

Mississippi courts have recognized that amending the indictment to change the amount of

controlled substance is an amendment as to form only. *See Oby v. State of Mississippi*, 827

So.2d 731, 735 (Miss. Ct. App. 2002). Brown's arguments with respect to his indictment and the

trial court's interpretation of state criminal statutes does not give rise to a federal constitutional

challenge.

## **<u>Sentencing</u>**

       Brown argues that the trial court erred when it sentenced him as an habitual offender and

subsequent drug offender. He asserts that the State did not present the previous sentencing

orders because the prior convictions do not appear as an exhibit nor are they listed as an exhibit

in the official transcript.  The record reflects that prior to trial prosecutors provided defense counsel with copies of sentencing orders pertaining to the prior convictions.  Doc. [11-2] at 7. Defense counsel acknowledged that she had reviewed the "pen pack", which contained certified copies of Brown's prior convictions and sentences.  *Id.*  Mississippi courts have held that certified copies of pen packs may serve as competent evidence of prior convictions.  *See Dixon v. State of Mississippi*, 812 So.2d 225, 231 (Miss.Ct.App. 2001).  The transcript further shows that at sentencing the prosecution offered into evidence two certified sentencing orders demonstrating that Brown was an habitual offender with prior convictions.  Doc. [11-3] at 71.  The undersigned finds that Brown's argument with respect to evidence of the prior convictions is without merit.

**Constructive Possession**

Brown argues that the trial court misapplied relevant law regarding constructive possession.  Specifically, he asserts that the evidence at trial did not support a finding of constructive possession.  The undersigned construes Brown's claim to be one challenging the sufficiency of the evidence.

In assessing the sufficiency of the evidence to support a state conviction, a federal habeas court must inquire, after viewing the evidence in a light most favorable to the prosecution, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996).  This Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict.  *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005).  This requirement encompasses both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990); *see also Jackson*, 443 U.S. at 324-25.

Witness credibility determinations are within the province of the jury and it "retains the sole

authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses."

*United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001).  On habeas review, the court defers to

the trier of fact in resolving conflicts requiring credibility determinations.  *Galvan v. Cockrell*,

293 F.3d 760, 764 (5th Cir. 2002).

    As presented to the jury, the Biloxi Police Department responded to a report of suspicious

circumstances involving Brown and his fiancee in a car at a gas station parking lot.  Doc. [11-2]

at 83.  The responding officer testified that he saw Brown sitting alone in the car and observed

Brown place something in the center console of the car.  *Id.* at 85.  Brown admitted that he and

his fiancee owned the car.  *Id.* at 129.   Both Brown and his fiancee were eventually arrested.  *Id.*

at 89. The car was towed and an inventory conducted of the vehicle.  *Id.* at 89-90.  During the

inventory, the officer found a clear plastic bag containing an off-white substance inside the

console.  *Id.* at 90.  John Moran, an analyst with the Mississippi Crime Lab, testified that he

tested the substance and determined that it contained cocaine and that it weighed 4.7 grams.  *Id.*

at 115.  Based on the above testimony, the jury could reasonably have concluded that Brown had

constructive possession of a controlled substance.  *See Curry v. State of Mississippi*, 249 So.2d

414, 416 (Miss. 1971)("[c]onstructive possession may be shown by establishing that the drug

involved was subject to his dominion or control.").

**Ineffective Assistance of Counsel**

    Brown argues that counsel was ineffective for allegedly conspiring with the State to

amend his indictment.  In order to establish ineffective assistance of counsel, the petitioner must

prove first that his attorney's performance was deficient, and second, that he was prejudiced by

this deficient performance. *See Strickland v. Washington*, 466 U.S. 668 (1984).  Failure to make

the required showing of either deficient performance or sufficient prejudice defeats an ineffective

assistance claim.  *Id.* at 700.  Judicial scrutiny of counsel's performance is highly deferential and

must avoid second guessing.  *Id.* 689.  Such scrutiny must avoid the distorting effects of

hindsight.  *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000).  To establish prejudice

requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceedings would have been different."  *Strickland*, 466 U.S. at 694.  Counsel's deficient

performance must be "so serious as to deprive him of a fair trial, a trial whose result is reliable."

*Id.* at 687.

      Brown has failed to identify any evidence demonstrating that his trial attorney conspired

with the State to amend the indictment.  It is true that counsel did not object either to changing

the crime to simple possession or including Brown's status as an habitual offender.  Nor did

counsel object to including the amount of cocaine in the indictment.  Each of these objections

would have been futile; therefore, they do not demonstrate deficient performance by Brown's

trial attorney.

      As addressed previously, pursuant to Mississippi law, each of the amendments was as to

the form and not the substance of the indictment.  Counsel understandably did not object to the

amending the indictment to reduce the charge to simple possession, because the amended

indictment benefitted Brown in that he faced a shorter potential maximum sentence.  Moreover,

as trial counsel acknowledged when addressing the habitual offender issue, "it appears as though

[Brown] does have two prior convictions and served at least a year on each one".  Doc. [11-2] at

8.  Brown's pen pack contained certified copies of Brown's prior convictions and sentences.  *Id.*

As reflected in the transcript, the prosecution offered into evidence at sentencing certified copies of the prior convictions.  Doc. [11-3] at 71.  Brown has not presented any evidence demonstrating that he did not meet the definition of an habitual offender under Mississippi law.  With respect to the amount of cocaine, the prosecution presented evidence and testimony from the lab technician who tested the substance and determined that it contained cocaine and weighed 4.7 grams.  Each of the amendments to the indictment cited by Brown were amendments to the form and not the substance of the indictment.  As a factual matter, each of the amendments finds support in the evidence of record.  Any objection by trial counsel would have been futile.  Counsel's failure to make frivolous objections cannot serve as the basis for ineffective assistance of counsel.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

### Motions for Evidentiary Hearing

Brown filed a motion for evidentiary hearing and a motion to substitute motion for evidentiary hearing.  Doc. [17] & [19].  It appears that Brown later sought to strike these motions.  *See* Doc. [21].  Regardless, the undersigned finds that Brown is not entitled to an evidentiary hearing.

In certain limited circumstances a federal court may conduct an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); *Guillory v. Cain*, 303 F.3d 647, 650 n.5  (5th Cir. 2002).  Brown has failed to demonstrate that an evidentiary hearing is warranted in this case.  His claim does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; he does not rely on a factual predicate that could not have been previously discovered through the exercise of due diligence; and he has not demonstrated that the facts underlying his claim would be sufficient to establish by clear and

convincing evidence that but for constitutional error, no reasonable fact finder would have found him guilty of the underlying offense.  § 2254(e)(2)(A) & (B).  Accordingly, the undersigned finds that the motions for evidentiary hearing should be denied.

**<u>Motion to Strike</u>**

Brown filed on November 13, 2015, a motion to amend the docket in which he requested the Court to strike certain documents that he had filed.  Doc. [21].  He cites to a [14] memorandum in support of his [13] reply to response to habeas petition; [17] motion for evidentiary hearing; and [19] motion to substitute motion for evidentiary hearing.  As addressed earlier, there is no merit to any of Brown's claims for habeas corpus relief.  Whether the Court considers the stricken pleadings or not will have no effect on the outcome of this case.  Accordingly, the undersigned finds his motion to strike to be moot.

**<u>Motion to Compel</u>**

Brown also filed on November 13, 2015, a motion to compel Respondent to discharge him from custody of an illegal sentence and conviction.  Doc. [22].  The undersigned construes Brown's motion as simply an effort to re-argue the merits of his underlying claims.  The undersigned recommends that the motion to compel should be denied.

**<u>RECOMMENDATION</u>**

Based on the foregoing, the undersigned recommends that Eddie Joseph Brown's 28 U.S.C. § 2254 petition be denied.

**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

10

the time period is modified by the District Court.  A party filing objections must specifically

identify those findings, conclusions and recommendations to which objections are being made;

the District Court need not consider frivolous, conclusive or general objections.  Such party shall

file the objections with the Clerk of the Court and serve the objections on the District Judge and

on all other parties.  A party's failure to file such objections to the proposed findings, conclusions

and recommendation contained in this report shall bar that party from a de novo determination by

the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 16th day of December, 2015.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE