IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDDIE JOSEPH BROWN                                   PETITIONER

v.                                    CAUSE NO. 1:15CV115-LG-RHW

RAYMOND BYRD                                        RESPONDENT

MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [25] entered by

United States Magistrate Judge Robert H. Walker in which he recommends that

Eddie Joseph Brown's petition for a writ of habeas corpus should be denied.  Brown

has filed an Objection [29] to the Report and Recommendation.  After reviewing the

Report and Recommendation, the Objection, the record in this matter, and the

applicable law, the Court finds that the Report and Recommendation should be

adopted as the opinion of this Court and Brown's petition should be denied.

BACKGROUND

On May 31, 2011, a grand jury issued an indictment alleging that on

December 20, 2010, Brown "did knowingly, wilfully, unlawfully and feloniously

possess Cocaine, a Schedule II Controlled Substance, with the intent to transfer or

distribute the said controlled substance" in violation of Miss. Code Ann. § 41-29-

139(a)(1).  (State Ct. R., Vol. 1 at 14, ECF No. 11-1).  On March 9, 2012, the

assistant district attorney filed two separate motions: (1) a motion to amend the

indictment to allege that Brown is a habitual offender subject to being sentenced

pursuant to Miss. Code Ann. § 99-19-81; and (2) a motion to amend the indictment

to add an enhanced penalty pursuant to Miss. Code. Ann. § 41-29-147 due to Brown's subsequent offender status. (State Ct. R., Vol. 1 at 39-41, ECF No. 11-1). The motions provided that Brown was convicted of felony possession of a controlled substance and sentenced to three years imprisonment on June 13, 2005, and he was convicted of felony transfer of a controlled substance and sentenced to serve ten years imprisonment on February 5, 1993. (*Id.*) On March 13, 2012, the assistant district attorney also filed a motion to amend the indictment to delete the allegation that Brown intended to transfer or distribute the controlled substance and to add an allegation that he possessed between two and ten grams of cocaine. (State Ct. R., Vol. 1 at 43, ECF No. 11-1).

All three motions to amend the indictment were argued on March 13, 2012, the first day of Brown's trial. (State Ct. R., Vol. 2 at 5-8, ECF No. 11-2). Brown's attorney did not object to the amendment to delete the intent to transfer portion of the indictment. (*Id.* at 5). As for the request to add Brown's status as a habitual offender pursuant to Miss. Code Ann. § 99-19-81, his attorney stated that she had reviewed the penitentiary packet concerning Brown and that it appeared that he did in fact have two prior convictions. (*Id.* at 7). Brown's attorney also conceded that Brown had previously pled guilty to simple possession, but she objected to the addition of an enhanced penalty pursuant to Miss. Code Ann. § 41-29-147. (*Id.* at 8-9). The Circuit Court judge granted the three motions to amend the indictment, and he entered orders accordingly. (*Id.* at 6-9; State Ct. R., Vol. 1 at 49-51, ECF No. 11-1).

After a two day trial, a jury convicted Brown of possession of between two and ten grams of cocaine, a schedule II controlled substance.  (State Ct. R., Vol. 3 at 218, ECF No. 11-3).  Due to Brown's habitual offender and subsequent drug offender status, the court sentenced him to serve thirty-two years imprisonment without the hope of early release or parole.  Miss. Code. Ann. § 41-29-147; Miss. Code Ann. § 99-19-81.

Brown filed a motion for judgment notwithstanding the verdict or in the alternative a new trial, but the motion was denied.  He then filed an appeal.  The Mississippi Court of Appeals affirmed his conviction and sentence.  *Brown v. Mississippi*, 143 So. 3d 624 (Miss. Ct. App. 2014).  Brown's petition for writ of certiorari was denied by the Mississippi Supreme Court on July 24, 2014.  (State Ct. R., Vol. 7 at 90, ECF No. 11-7).  Brown then filed an application for leave to proceed in the circuit court with a motion for post-conviction collateral review.  The Mississippi Supreme Court denied the application on February 27, 2015.  (State Ct. R., Vol. 8 at 2, ECF No. 11-8).

Brown filed the present petition for writ of habeas corpus on April 8, 2015.  He was permitted to amend his petition on May 4, 2015.  He alleges that: (1) the trial court erred in amending his indictment to (a) delete the intent to transfer allegation and (b) add the weight of the drugs he was charged with possessing; (2) the trial court erred by sentencing him as a habitual offender and subsequent drug offender; (3) the trial court misapplied federal and state law concerning constructive possession; and (4) his attorney provided ineffective assistance of counsel because

she (a) failed to interview certain witnesses, (b) conspired to amend the indictment without consulting Brown, (c) failed to move to suppress evidence found in his car, and (d) failed to seek a lesser included offense instruction.

United States Magistrate Judge Robert H. Walker has issued a Report and Recommendation [25] proposing that: (1) Brown's claims of ineffective assistance of counsel for alleged failure to interview witnesses, failure to move to suppress evidence, and failure to seek a lesser included offense instruction are unexhausted claims that should be dismissed; (2) Brown's claims concerning amendment of the indictment should be denied because the state court's decision did not constitute an unreasonable application of federal law; (3) Brown's claims that he was improperly sentenced as a habitual offender and subsequent drug offender are without merit; (4) the state court did not misapply the law as to constructive possession; (5) Brown's ineffective assistance of counsel claim concerning amendment of the indictment is without merit; (6) Brown's motions [17, 19] for an evidentiary hearing should be denied; (7) Brown's motion to strike certain documents that he has filed is moot; and (8) Brown's motion to compel should be denied.  Brown filed a timely objection [29] to the Report and Recommendation.

## DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant an application for a writ of habeas corpus as to any claim that was adjudicated on the merits in state court proceedings unless the state court's adjudication of the claim either "resulted in a decision that was contrary to,

-4-

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1).  Federal courts are also prevented from granting habeas relief unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).

## I. BROWN'S UNEXHAUSTED CLAIMS

In his objection, Brown does not dispute that he failed to raise the following ineffective assistance of counsel claims in state court: failure to interview witnesses, failure to file a motion to suppress, and failure to seek a lesser included offense instruction.  As a result, Judge Walker correctly recommended dismissal of these claims for failure to exhaust available state court remedies.  *See* 28 U.S.C. § 2254(b)(1).

## II. AMENDMENTS TO THE INDICTMENT

Brown argues that the trial court should not have permitted amendment of the indictment to omit the intent to transfer allegation or to add the weight of cocaine he was charged with possessing.  He claims that these were substantive changes to the indictment that could only be made by a grand jury.  He argues that if the amendment had not been permitted, a jury would have acquitted him of the transfer charge and convicted him of simple possession.  Since the weight of the drug was not included in the original indictment, he claims the trial court would have been required to assume he possessed the lowest weight of cocaine provided for

in the simple possession statute – less than one-tenth gram – which at that time carried a penalty of one to four years.[1]  *See* Miss. Code Ann. § 41-29-139(c)(1)(A)(2012); *see also Torrey v. State*, 816 So. 2d 452, 454 (¶4) (Miss. Ct. App. 2002) (noting that the trial court sentenced the defendant to possession of the lowest weight because the amount of cocaine was not specified in the indictment).

The Fifth Circuit has held that the sufficiency of the indictment may be "a basis for habeas relief if the mistake in the indictment is so fatally defective that it deprives the convicting court of jurisdiction."  *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003).  "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction."  *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994).

Under Mississippi law, an indictment can be amended as to form, but an indictment cannot be amended as to a substantive matter "without the agreement of the grand jury that issued the indictment."  *Kittler v. State*, 830 So. 2d 1258, 1259 (Miss. Ct. App. 2002).  Amendments to an indictment are as to form if they do not "materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case."  *Id.* at 1260.  "The test for determining whether an amendment will prejudice the defendant's case is whether a defense as it originally stood would be equally available after the amendment is

---

[1] The statute at issue was amended after Brown was convicted and sentenced.

made." *Holmes v. State*, 660 So. 2d 1225, 1227 (Miss. 1995), *disagreed with on other grounds by Dilworth v. State*, 909 So. 2d 731 (Miss. 2005); *see also Griffin v. State*, 540 So. 2d 17, 21 (Miss. 1989).

An amendment to the indictment that substitutes a lesser included offense is one of form, not substance. *Holmes*, 660 So. 2d at 1227. Under Mississippi law, possession of a controlled substance is a lesser-included offense of possession of a controlled substance with intent to transfer or distribute. *Torrey,* 816 So. 2d at 454 (¶3).

The Mississippi Court of Appeals has also held that an amendment of the indictment that changes the weight of a drug constitutes a change in form, not a change in substance. *Oby v. State*, 827 So. 2d 731, 735 (Miss. Ct. App. 2002); *see also Kittler*, 830 So. 2d at 1260 ("Amending the indictment as to the quantity of the cocaine does not change the essence of the charge.") This holding only applies to cases in which the amendment to the indictment subjects the defendant to a lesser penalty at sentencing. *Jamison v. State*, 73 So. 3d 567, 572 (¶¶17-18) (Miss. Ct. App. 2011). An amendment that subjects the defendant to a more severe penalty constitutes an impermissible substantive amendment. *Id.* Therefore, as long as "the sentence imposed under the amended indictment falls within the sentencing range allowed under the original indictment," the amendment is a permissible amendment as to form. *Id.* at 572 n.5.

In the present case, Brown relies on *Akins v. State*, 483 So. 2d 1321 (Miss.

1986) for the proposition that "a trial court may not amend an indictment to change the charge in the indictment to another crime, except by action of the grand jury who returned the indictment."  *Id.* at 1322.  He claims that, while possession of an unspecified amount of cocaine would have been a lesser included offense of the original transfer charge, the addition of a specific amount of cocaine converted the possession charge to a new crime.  The Mississippi Court of Appeals rejected a similar argument in *Gregory v. State*, 96 So. 3d 54 (Miss. Ct. App. 2012), explaining:

> From the statute's language, weight is not an element of the offense of possession.  Weight is the basis for the judge's sentencing options . . . .
> A possession charge meets the definition of a lesser-included offense because it is an offense necessarily committed along with the offense charged of possession with intent.  There is no *additional* element of proof involved in a possession case versus a possession with intent case.

*Gregory v. State*, 96 So. 3d 54, 60 (¶¶25-26) (Miss. Ct. App. 2012).  As a result, Brown's argument that the addition of the cocaine's weight was a new charge that required grand jury approval is without merit.

Since Brown was charged with possessing cocaine with intent to transfer, he could not have been unfairly surprised when the charge was amended to allege that he possessed two to ten grams of cocaine.  The amendments to the indictment did not change the underlying facts or the nature of the offense – possession of cocaine.  Furthermore, Brown has not alleged how the amendments altered or prejudiced his defense.  In fact, the record shows that Brown's defense at trial was that he did not possess the cocaine at all; it belonged to a friend.  This defense was not in any way

altered by the amendments to the indictment.  Finally, these amendments lessened the penalty to which Brown was subjected.  Under the applicable version of the statute, the base penalty for the offense of possession of cocaine with intent to transfer or distribute was up to thirty years imprisonment, while the base penalty for the offense of simple possession of two to ten grams of cocaine was four to sixteen years imprisonment.  Miss. Code. Ann. § 41-29-139 (b)(1), (c)(1)(C).[2] Therefore, the amendments to the indictment were permissible amendments as to form.

## III.  SUBSEQUENT OFFENDER AND HABITUAL OFFENDER STATUS

Brown was sentenced as a habitual offender pursuant to Miss. Code. Ann. § 99-19-81, which provides that a person who has been previously convicted of two felonies shall, upon being convicted of a felony in Mississippi, be sentenced to the maximum term of imprisonment proscribed for that felony, without the possibility of parole or reduction in sentence.  Brown was also sentenced as a subsequent offender pursuant to Miss. Code. Ann. § 41-29-147.  This statute provides that a person who is convicted of a second or subsequent offense under Mississippi's controlled substances law "may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both."  Miss. Code Ann. § 41-29-147.

Brown claims that the State failed to demonstrate that he was a habitual or

---

[2] The base sentencing range was enhanced due to Brown's subsequent offender and habitual offender status, as explained in more detail infra.

subsequent offender beyond a reasonable doubt because certified copies of judgments reflecting the prior convictions were not admitted into evidence during the sentencing phase of his trial.  In support of this argument, Brown relies on Mississippi Supreme Court cases, including *Grayer v State*, 120 So. 3d 964 (Miss. 2013), and *Young v. State*, 507 So. 2d 48, 49-50 (1987).  In *Grayer*, the Mississippi Supreme Court reversed the trial court's decision to sentence the defendant as a habitual offender because the State had failed to offer or introduce certified copies of the defendant's prior convictions into evidence.  *Grayer*, 120 So. 3d at 970.  The *Young* court held that a trial court erred by sentencing a defendant as a habitual offender based on evidence of previous convictions that had been admitted in the guilt phase of trial that was not reintroduced at the sentencing phase of trial. *Young*, 507 So. 2d at 49-50.

As explained previously, a federal court's review of a habeas claim is limited by the AEDPA, 28 U.S.C. § 2254(d).

> [A] federal court may not grant habeas relief unless the state court's adjudication was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' § 2254(d)(1), or 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' § 2254(d)(2).  Pure questions of law and mixed questions of fact and law are analyzed under § 2254(d)(1).

*Allen v. Stephens*, 805 F.3d 617, 625 (5th Cir. 2015) (citing *Simmons v. Epps*, 654 F.3d 526, 534 (5th Cir. 2011)).  Therefore, "[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure, but

-10-

may intervene only to correct wrongs of federal constitutional dimension." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988).

Brown's claim that the State failed to demonstrate that he was a habitual offender and subsequent offender beyond a reasonable doubt is a claim concerning the sufficiency of the evidence, which presents a mixed question of law and fact. *See Wilson v. Rader*, 619 F. App'x 369, 370 (5th Cir. 2015) (noting that a claim that the State did not meet its burden of proving the elements of a crime beyond a reasonable doubt constitutes a claim contesting sufficiency of the evidence); *Parker v. Cain*, 445 F. Supp. 2d 685, 700 (E.D. La. 2006) (explaining that a claim disputing sufficiency of the evidence is a mixed question of law and fact). Therefore, this Court can only grant Brown relief if the trial court violated clearly established federal law decided by the United States Supreme Court.

The United States Supreme Court has never held that a state must prove prior convictions beyond a reasonable doubt in order to support a sentencing enhancement for a habitual offender. *Dretke v. Haley*, 541 U.S. 386, 395 (2004). As a result, Brown cannot demonstrate that the trial court's sentence violated clearly established federal law decided by the United States Supreme Court. Brown merely alleges that the State misapplied its own law regarding sentencing of habitual offenders, a claim that cannot be granted by this Court on habeas review. Furthermore, the Court notes that Brown apparently does not contest the validity of the prior convictions that were relied upon and clearly described in the record by

-11-

the State during the sentencing hearing.  Furthermore, Brown's attorney conceded

the validity of the two prior convictions in a pretrial hearing after reviewing the

applicable penitentiary packet.  As a result, the Court finds that Brown's claim

seeking relief from the applicable sentencing enhancements must be denied.

## IV. CONSTRUCTIVE POSSESSION

Brown asserts that the State failed to demonstrate the elements of

constructive possession of a controlled substance beyond a reasonable doubt; rather

he claims that he was found guilty on the basis of an improper mandatory

presumption.  The Fifth Circuit has explained:

> In a federal habeas corpus proceeding, the Supreme Court's decision in
> *Jackson v. Virginia* provides the standard for testing the sufficiency of
> the evidence.  The question 'is whether, after viewing the evidence in
> the light most favorable to the prosecution, any rational trier of fact
> could have found the essential elements of the crime beyond a
> reasonable doubt.  This standard is applied with "reference to the
> substantive elements of the criminal offense as defined by state law."

*Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quoting *Jackson v. Virginia*, 443

U.S. 307, 319, 324 n.16 (1979)).

Under Mississippi law, "[a] defendant may be convicted of a drug-possession

offense if he was aware of the presence and the character of the particular

substance and was intentionally and consciously in possession of it."  *Cooper v.*

*State*, 145 So. 3d 1219, 1228 (¶33) (Miss. Ct. App. 2013).

> Possession, no matter how fleeting, is sufficient to sustain a conviction.
> Possession is defined, however, in terms of the exercise of dominion
> and control.  To establish constructive possession, the drug simply has
> to be found near the defendant in a place over which the defendant
> exercises dominion or control.

-12-

*Fontenot v. State*, 110 So. 3d 800, 803-04 (Miss. Ct. App. 2012).  For constructive

possession, the State must show that the defendant "was aware of the cocaine and

intentionally, *but not necessarily physically*, possessed it."  *Johnson v. State*, 44 So.

3d 1040, 1044 (¶11) (Miss. Ct. App. 2010).

Brown claims that the jury's finding that he was aware of and consciously in

possession of the cocaine was the result of a mandatory presumption.  In support of

his arguments, Brown cites the Supreme Court's discussion of mandatory

presumptions in *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140 (1979).

The Supreme Court in *Allen* explained that a permissive inference or presumption

"allows – but does not require – the trier of fact to infer the elemental fact from

proof by the prosecutor of the basic one and which places no burden of any kind on

the defendant, while a mandatory presumption "tells the trier that he or they must

find the elemental fact upon proof of the basic fact, at least unless the defendant

has come forward with some evidence to rebut the presumed connection between

the two facts."  *Id.* at 159.  An inference or presumption "must not undermine the

factfinder's responsibility at trial, based on evidence adduced by the State, to find

the ultimate facts beyond a reasonable doubt."  *Id.* at 156.

This Court has reviewed the instructions given to the jury at Brown's trial.

The jurors were merely instructed that they were "permitted to draw such

reasonable inferences from the evidence as seen justified in the light of [their] own

experience."  (State Ct. R., Volume 3 at 194, ECF No. 11-3).  No other inference or

presumption, aside from the presumption of innocence, was discussed in the instructions.  Therefore, the instructions did not impose any mandatory or otherwise improper presumption.

During Brown's trial, a Biloxi, Mississippi police officer testified that he responded to a report of suspicious circumstances involving Brown and his fiancé in a gas station parking lot.  When the officer arrived, he saw Brown open the car console and place something inside it.  No other person was located inside the vehicle, which was jointly owned by Brown and his fiancé, at the time when the officer arrived.  During a subsequent search of the vehicle, a clear plastic bag containing an off-white substance was found in the console.  The Mississippi Crime Lab determined that the substance contained cocaine and it weighed 4.7 grams.  As a result, a rational juror could find that the State proved all of the elements of constructive possession of cocaine beyond a reasonable doubt.  Brown's arguments are without merit.

## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

Brown argues that his attorney should have told him that he had a right to have a grand jury review the proposed amendments to the indictment, and she should have objected to the amendments.  As this Court previously explained, the amendments to the indictment were permissible amendments as to form that did not require approval of the grand jury.  Judge Walker correctly found that Brown's attorney did not provide ineffective assistance, because any objection to the amendments would have been futile under Mississippi law.  As a result, Brown's

arguments concerning ineffective assistance of counsel are without merit.

## VI.  MISCELLANEOUS MOTIONS

Brown does not object to Judge Walker's recommendation that Brown's Motions for an Evidentiary Hearing [ 17, 19] and Motion to Compel [22] should be denied.  Brown also does not object to the recommendation that his Motion to Amend/Correct Docket and Strike Certain Pleadings [21] is moot.

Judge Walker correctly determined that an evidentiary hearing is not warranted, and he correctly determined that Brown's Motion to Amend/Correct Docket and Strike Pleadings would have had no bearing on the Court's decision in this matter.  Brown's Motion to Compel was a request that the Court force the respondent to release him from custody for the reasons stated in his habeas petition.  Therefore, Judge Walker correctly determined that this Motion should be denied for the same reasons as the petition.

The Court further finds that all other pending Motions are moot for the reasons stated in this Memorandum Opinion and Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [25] entered by United States Magistrate Judge Robert H. Walker is **ADOPTED** as the opinion of this Court.  Eddie Joseph Brown's petition for a writ of habeas corpus is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Brown's Motions for an Evidentiary Hearing [17], [19] are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Brown's Motion to

Amend/Correct Docket and Strike Pleadings [21] is **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Brown's Motion to Compel [22] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that all other pending Motions are **MOOT**.

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2016.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE